UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENCO LOGISTIC SERVICES, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) Jury Demand |
| KIDS II, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT ON SWORN ACCOUNT

Plaintiff Kenco Logistic Services, LLC ("Kenco"), by its attorneys, for its Complaint against Defendant Kids II, Inc. ("Defendant"), states:

### A. PARTIES

1. Kenco is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 2001 Riverside Drive, Chattanooga, Tennessee, and at all times herein relevant was engaged in business as a public warehouse operator operating public warehouse facilities in several locations in the United States, including public warehouse facilities located in Chattanooga, Tennessee and Chino, California.

2. Kenco is wholly-owned by Kenco Group, Inc., a Tennessee corporation with its principal place of business located at 2001 Riverside Drive, Chattanooga, Tennessee.

3. Defendant is a corporation organized under the laws of the State of Georgia, with its principal place of business located at 3333 Piedmont Road, Atlanta, Georgia, and at all times herein relevant was engaged in business as a manufacturer and distributor of children's toys and other products.

1

## B. JURISDICTIONAL STATEMENT

4. Kenco brings this Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court to Section 26(c) of the Kenco Services Agreement (the "Agreement") entered into between Kenco and Defendant, a copy of which is attached as Exhibit A to this Complaint and made a part hereof. Pursuant to Section 26 (c) of the Agreement the parties have agreed that venue shall lie in Nashville, Tennessee.

## C. FACTS COMMON TO ALL COUNTS

6. On or about February 10, 2014, Kenco and Defendant entered into the Agreement whereby, commencing on and after May 19, 2014, Kenco would provide Defendant with up to 165,000 square feet of storage space, handling, and other warehouse services for the receipt, storage, and delivery of Goods, as defined in the Agreement (the "Services"), and two work stations for Defendant's personnel at Kenco's public warehouse located at 6509 Kimball Avenue, Chino, California (the "Kimball Warehouse"), and Defendant would pay Kenco for those Services. Exh. A, p. 1.

7. The Initial Term of the Agreement was three years from May 19, 2014 and, unless terminated in accordance with Section 21 of the Agreement, would automatically renew for consecutive Renewal Terms of two years each.

8. Between September 3, 2014 and February 15, 2019, the parties entered into five written amendments to the Agreement, copies of which are attached to this Complaint as Exhibits B through F, respectively, and made a part hereof.

9. The Agreement, in Section 10, states in relevant part:

> 10. **Billing and Payment.** KENCO shall bill OWNER [Defendant] at the beginning of each week for all charges due and owing under this Agreement for the prior week, unless otherwise negotiated by the parties. OWNER agrees to pay all undisputed amounts, without deduction or hold back, within sixty (60) days of the invoice date. Any dispute as to the amount of the invoice shall be promptly resolved by the parties. Claims for loss or damage to GOODS attributable to the gross negligence or willful misconduct of KENCO may be deducted from invoices.
> …

Exh. A, p. 4.

10. Pursuant to the Second Amendment to the Agreement, which was effective on and after October 1, 2015, Kenco and Defendant agreed to delete the first sentence of Section 10 and replace it with the following:

> KENCO shall bill OWNER [Defendant] at the beginning of each month for all charges due and owing under this Agreement for the prior month, unless otherwise negotiated by the parties. Payment terms as of October 1, 2015 shall be net thirty (30) days from date of invoice.

Exh. C, p. 1.

11. Pursuant to the First Amendment to the Agreement, which was effective on and after September 3, 2014, Kenco and Defendant agreed that Kenco would provide an additional 50,000 square feet of storage space for temporary overflow storage at Kenco's warehouse facility located at 15785 Mountain Avenue, Chino, California (the "OVERFLOW FACILITY") in exchange for Defendant's payment of the Overflow Facility Fee set forth in the First Amendment. Under that First Amendment, Defendant was able to "terminate its obligations with respect to the OVERFLOW FACILITY at any time, with or without cause, with 30 days' written notice to KENCO." Exh. B, p. 1.

12. Pursuant to the Third Amendment to the Agreement, which was effective on and after August 1, 2016, Kenco and Defendant agreed to increase the amount of storage space for Defendant's Goods at the Kimball Warehouse to 210,000 square feet. Exh. D, p. 1.

13. On or about August 1, 2016, Defendant terminated its obligations with respect to the OVERFLOW FACILITY.

14. Pursuant to the Fourth Amendment to the Agreement, which was effective on and after November 4, 2016, Kenco and Defendant agreed to proceed with the first renewal term – as identified in Section 1 of the Agreement and as modified by the first three amendments – thereby extending the term of the Agreement through May 19, 2019. Exh. E, p. 1.

15. Pursuant to the Fifth Amendment to the Agreement, which was effective on and after February 15, 2019, Kenco and Defendant agreed to extend the term of the Agreement – as modified by the first four amendments through August 31, 2019 – and to thereafter negotiate a new agreement, provided that either party had the right to terminate the Agreement in accordance with the Agreement as modified by the amendments. Exh. F, p. 1.

16. Defendant notified Kenco in an undated letter that Kenco received on or about February 20, 2019, that Defendant was terminating the Agreement as modified pursuant to the Amendments effective on August 31, 2019. A copy of that letter is attached to this Complaint as Exhibit G and made a part hereof.

17. On and after the effective date of the Second Amendment through November 7, 2019, Kenco issued Defendant invoices at the beginning of each month for the charges due and owing Kenco for the prior month, and Defendant paid all invoices issued by Kenco through July of 2019.

18. Since its payment of Kenco's July 2019 invoice for Services provided by Kenco in June of 2019, Defendant moved all its Goods out of the Kimball Warehouse, but has not paid any of the final three invoices dated August 6, 2019, September 6, 2019, and October 6, 2019,

4

18384873v1
Case 3:19-cv-01129   Document 1   Filed 12/16/19   Page 4 of 9 PageID #: 4

respectively, totaling $1,231,721.23 that Kenco issued Defendant for Services under the Agreement (the "Unpaid Invoices"). Castleberry Aff., ¶¶6-9.[1]

19. On August 6, 2019, Kenco sent Defendant Invoice No. K007312019K2 for $662,818.03 for Services rendered by Kenco for the month of July 2019. Castleberry Aff., Exh. 1.

20. On September 6, 2019, Kenco sent Defendant Invoice No. K008312019K2 for $348,743.74 for Services rendered by Kenco for the month of August 2019. Castleberry Aff., Exh. 2.

21. On October 6, 2019, Kenco sent Defendant Invoice No. K009302019K2 for $220,159.46 for Services rendered by Kenco for the month of September 2019. Castleberry Aff., Exh. 3.

22. Kenco sent each invoice, including the Unpaid Invoices, to Defendant by email. Castleberry, ¶4.

23. Kenco did not receive any notice that any of the Unpaid Invoices was not delivered or that there was any problem with the transmission of the Unpaid Invoices. Castleberry Aff., ¶5.

24. In a letter dated August 28, 2019, Defendant first notified Kenco of its alleged claim that Kenco employees "failed to exercise reasonable care in the performance of [the Services] thereby directly causing damage to [Defendant's] goods" in the amount of $1,200,000. A copy of the August 28, 2019 letter is attached as <u>Exhibit I</u> to this Complaint and made a part hereof.

---

[1] The Affidavit of Tiffany Castleberry, CPA is attached to this Complaint as <u>Exhibit H</u> and made a part hereof, and cited herein as "Castleberry Aff. ¶__."

25. In a letter dated October 2, 2019, Defendant asserted that the total amount of its claim for the alleged damage to the goods that Kenco stored for Defendant's account is $1,431,958.92. A copy of the October 2, 2019 letter is attached as Exhibit J to this Complaint and made a part hereof.

26. In view of the fact that Kenco provided Defendant with Services under the Agreement for more than five years prior to August 28, 2019 without receiving any significant claim for loss or damage to Defendant's goods, Defendant's purported excuse is simply a manufactured, pretextual reason for refusing to pay Kenco what is owed by Defendant to Kenco. Nevertheless, Kenco requested, on several occasions, that Defendant provide Kenco with documentation supporting its claim that Kenco is liable for any damages.

27. Despite Kenco's repeated demands, Defendant has failed to provide any valid documentation or other support for the existence, nature, or extent of its purported claims. Without any such valid support, Kenco denies Defendant's claims for damage.

28. Despite Kenco's repeated demands for payment, Defendant has not paid any of the Unpaid Invoices or any portion thereof.

### D. COUNT I – BREACH OF CONTRACT

29. Kenco incorporates the allegations in Paragraphs 1 through 28 of its Complaint as if fully set forth herein.

30. Kenco performed all conditions precedent required of it under the Agreement, including providing Defendant with Services necessary for the receipt, storage, and delivery of Defendant's Goods for the months of July 2019 through September 2019.

31. Defendant has breached the Agreement by failing to pay the Unpaid Invoices for the Services provided by Kenco to Defendant for the months of July 2019 through September 2019 in the amount of $1,231,721.23.

32. As a result of Defendant's breach of the Agreement, Kenco seeks damages in an amount to be proven at trial, including but not limited to $1,231,721.23 for Services provided by Kenco to Defendant for the months of July 2019 through September 2019 as described in the Unpaid Invoices, together with its costs, prejudgment interest, and all other damages to which Kenco is entitled.

### E. COUNT II – SWORN ACCOUNT

33. Kenco incorporates the allegations in paragraphs 1 through 32 of its Complaint as if fully set forth herein.

34. On August 6, 2019, Kenco billed Defendant $662,818.03 for services rendered by Kenco to Defendant for the month of July 2019. Castleberry Aff., Exh. 1.

35. On September 6, 2019, Kenco billed Defendant $348,743.74 for services rendered by Kenco to Defendant for the month of August 2019. Castleberry Aff., Exh. 2.

36. On October 6, 2019, Kenco billed Defendant $220,159.46 for services rendered by Kenco to Defendant for the month of September 2019. Castleberry Aff., Exh. 3.

37. Defendant has not paid any portion of the Unpaid Invoices and has no defense to the payment of the Unpaid Invoices.

38. As a result of Defendant's failure to pay the Unpaid Invoices, Kenco seeks damages in an amount to be proven at trial, including but not limited to $1,231,721.23 for Services provided by Kenco to Defendant for the months of July 2019 through September 2019,

18384873v1

as described in the Unpaid Invoices, together with its costs, prejudgment interest, and all other damages to which Kenco is entitled.

WHEREFORE, Kenco respectfully requests that this Court enter judgment in its favor and against Defendant in an amount to be determined at trial, together with prejudgment interest, costs, and for such other and further relief that this Court deems just and reasonable under the circumstances.

**MILLER & MARTIN PLLC**

By: s/ Charles B. Lee
Charles B. Lee, BPR No. 11570
Scott E. Simmons, BPR No. 29392

832 Georgia Avenue
Suite 1200, Volunteer Building
Chattanooga, TN 37402
Telephone: (423) 756-6600
Facsimile: (423) 785-8480

*Counsel for Plaintiff*

8

18384873v1
Case 3:19-cv-01129   Document 1   Filed 12/16/19   Page 8 of 9 PageID #: 8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this pleading upon counsel for all other parties to this action via electronic mail:

>Kevin C. Baltz, Esq.
>Butler Snow LLP
>The Pinnacle at Symphony Place
>150 3rd Avenue South, Ste. 1600
>Nashville, TN 37201
>Kevin.Baltz@butlersnow.com

Dated this 16th day of December, 2019.

By:    s/ Charles B. Lee