# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **KENCO LOGISTICS SERVICES, LLC,** | ) | |
| | ) | |
| **Plaintiff/Counter–Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-01129** |
| | ) | **Judge Aleta A. Trauger** |
| **KIDS II, INC.,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

## <u>MEMORANDUM and ORDER</u>

Before the court is the Motion to Amend Answer and Counterclaim (Doc. No. 48), in which defendant/counter-plaintiff Kids II, Inc.[1] ("Kids2") seeks leave to amend the Counterclaim to assert a claim for "Fraud and/or Fraudulent Concealment" (Proposed Am. Answer and Counterclaim, Doc. No. 48-1, at 17). Plaintiff/counter-defendant Kenco Logistics Services, LLC ("Kenco") opposes the motion on the grounds that (1) the deadline for amending pleadings has long-since expired, and Kids2 has failed to show "good cause" to amend; (2) Kenco would suffer prejudice if the Case Management Order is modified to permit Kids2 to assert the new fraud claim; and (3) the proposed amendment is futile, insofar as Kids2 fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and, therefore, the amendment could not withstand a Rule 12(b)(6) motion to dismiss. (Doc. No. 56.)

The court agrees. For the reasons further explained herein, the Motion to Amend will be denied.

---

[1] As set forth in the original Answer and Counterclaim, Kids2, Inc. legally changed the entity's name from Kids II, Inc. to Kids2, Inc. in July 2019. (Doc. No. 9, at 1 n.1.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Kenco is in the business of operating public warehouse facilities; Kids2 is in the business of manufacturing and distributing children's toys and other products. (Compl., Doc. No. 1 ¶¶ 2–3.) Kenco began providing storage, handling, and other warehouse services for Kids2 in 2014 at its warehouse facilities located in Chino, California, pursuant to a series of written agreements. (Doc. No. 1 ¶¶ 6–8.) Kenco initiated this lawsuit in December 2019 by filing its Complaint against Kids2, asserting claims for breach of contract and "sworn account," based on Kids2's alleged failure to pay for invoiced warehousing services. Kids2 filed its original Answer and Counterclaim on February 18, 2020, denying liability to Kenco and asserting counterclaims for Breach of Contract and Negligent Bailment.[2] (Doc. No. 9.)

On February 24, 2020, an Initial Case Management Order ("ICMO") was entered, setting deadlines for dispositive motions, discovery, and motions to amend pleadings. Pursuant to the ICMO, all motions to amend were required to be filed no later than May 29, 2020. (Doc. No. 15, at 3.) A subsequent order scheduled the trial to begin on October 26, 2021. (Doc. No. 16.)

In November 2020, the parties jointly moved to modify the ICMO to extend the deadlines for discovery, but they did not seek to extend the deadline for amending pleadings. (Doc. No. 27.) The court granted that motion, and the trial date was pushed back to January 11, 2022. (Doc. Nos. 28, 29, 30.) In March 2021, the parties again sought to modify the scheduling order by extending the deadlines for conducting written discovery, deposing fact witnesses, disclosing and deposing experts, and filing dispositive motions. (Doc. No. 36.) They, again, did not seek to extend the deadline for amending pleadings. The court granted this motion as well. (Doc. No. 38.) Although the parties represented that the altered deadlines would not affect the trial date, the court also found

---

[2] A third claim, for "Carmack Amendment liability," was later dismissed. (Doc. No. 22.)

that it was required to reschedule the trial in order to allow at least ninety days after the completion of briefing on any dispositive motions before trial. (Doc. No. 37.) The trial date was reset for February 1, 2022. (Doc. No. 40.)

On July 14, 2021, Kids2 filed its Motion to Amend and supporting Memorandum of Law. (Doc. Nos. 48, 49.) It acknowledges that the deadline for amending pleadings has long-since expired but argues that it can show good cause for permitting its untimely amendment—namely, that recent deposition testimony from Henry Cota, Kenco's Operations Manager, "reflects that Kenco had a duty to notify Kids2 of damage to Kids2 goods while in Kenco's possession" and recently produced documents that "reflect that Kenco intentionally and fraudulently failed to notify Kids2 of the actual extent of damaged Kids2 goods in [Kenco's] possession." (Doc. No. 49, at 2.) Kdis2 does not actually identify these documents or what they said. It nonetheless claims that, in light of its obligation to plead fraud with particularity, it could not have pleaded fraud within the original deadline, prior to obtaining the necessary documentation and deposition testimony to support the claim. (*Id.* at 3.) Kids2 argues that the court should "freely give leave to amend when justice so requires," Fed. R. Civ. P. 15(a)(2), that it has not engaged in undue delay, that Kenco will not be prejudiced by permitting the amendment, and that none of the other presently scheduled deadlines would be affected by granting it leave to amend. (*Id.* at 4–5.) As indicated above, Kenco opposes the motion and contests each of Kids2's arguments in support of permitting the amendment. In addition, Kenco argues that the proposed amendment does not allege facts supporting fraud with the particularity required by Rule 9(b).

## II.    STANDARD OF REVIEW

Following its first amendment of a pleading or after twenty-one days following service of that pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

15(a)(2). "However, when a party seeks to amend its pleadings or join additional defendants after the expiration of scheduling order deadlines, it must show good cause under Rule 16(b)." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); Fed. R. Civ. P. 16(b)(4)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet" the scheduling order's requirements, but courts also consider 'possible prejudice to the party opposing the modification.'" *Id.* (quoting *Inge*, 281 F.3d at 625).

In addition, however, "a court may deny a motion to amend a complaint when the amendment would be futile." *Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a pleading or proposed pleading under this standard, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true," but it "need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.    DISCUSSION

The court finds that Kids2 has not adequately shown good cause for the delay in bringing this motion, in light of the looming discovery deadline and a trial date less than six months away, coupled with the fact that it waited for more than a month after taking the deposition in which it supposedly obtained "confirming" evidence of fraudulent concealment before filing this motion. *Accord Roberts v. City of Flint*, No. 06-cv-13789-DT, 2007 WL 2812301, at *3 (E.D. Mich. Sept. 26, 2007) (finding plaintiff failed to show good cause where he "does not adequately explain . . . the over one-month delay from the date of the deposition [where new information was allegedly discovered] to the date of Plaintiff's motion to amend").

In addition, it appears from its own pleading that Kids2 was aware of the purportedly fraudulent omissions well before the expiration of the deadline for amending pleadings and could have sought to amend much sooner than it did. In the proposed amendment, it alleges that it discovered the damaged products beginning in August 2019 and confirmed the extent of the damages from January 14 through February 5, 2020. (Doc. No. 48-1 ¶¶ 33–36.) In its discovery answers served in October 2020, it stated that Kenco had taken "steps to conceal the true condition of the damaged goods by burying the damaged goods and fulfilling orders with non-damaged goods." (*See* Doc. No. 56-1, at 2 ¶ 3.) And the parties' contract provided that Kenco would be liable for any damages to Kids2's goods while under Kenco's control caused by its failure to exercise due care. (*See* Doc. No. 48-2, at 4.) It is therefore unclear what, exactly, Mr. Cota's deposition on June 8 added to the equation. Kids2 does not identify the revelatory testimony. The excerpts filed by Kenco indicate only that Cota confirmed that Kenco followed a procedure for identifying damaged product and notifying Kids2 about it. (Doc. No. 56-2.)

Kids2 also has not shown that Kenco will not be prejudiced by such a belated amendment. Since the focus of this litigation has been on breach of contract, it appears that, if the amendment

were permitted, additional written discovery and new depositions of individuals already deposed would be required in order to address the fraud claim, and further delay in this litigation would be nearly inevitable.

Finally, aside from these considerations, the proposed amendment would clearly be futile. The pleading of fraud-based claims is governed by Rule 9 of the Federal Rules of Civil Procedure, which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This standard applies to all fraud-based claims, whether for fraudulent misrepresentation or fraudulent omission or concealment. *See PNC Multifamily Capital Inst'l Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 551 (Tenn. Ct. App. 2012) (holding that a fraudulent concealment claim "sounds in fraud" and must be pleaded with particularity). The Sixth Circuit has explained that, to "maintain [a] fraud-by-omission claim under this standard," the plaintiff must "specify 'the who, what, when, where, and how' of the alleged omission." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255–56 (6th Cir. 2012) (citation omitted). "Specifically, it must plead: (1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [the defendant] obtained as a consequence of the alleged fraud." *Id.*

Despite waiting until it supposedly had obtained discovery "confirming" fraudulent omissions, the proposed amendment alleges fraud in only the most vague and general terms. Paragraphs 24 through 32 of the proposed Amended Answer and Counterclaim contain the new factual allegations related to this claim, and none of them sets forth the requisite who, what, when, where, or how. These paragraphs allege only that Kenco was obligated to notify Kids2 of any damaged goods, failed to do so, and, "[i]nstead," "intentionally and fraudulently concealed the

existence and extent of damaged Kids2 products in its possession" by leading it "to believe that only a small number of trailers predesignated as damaged were the only damaged goods at the facility." (Doc. No. 48-1 ¶ 25.) It alleges that when Kids2's goods were transferred to the new storage provider, the new storage provider discovered damaged products commingled with non-damaged products. When Kids2 notified Kenco of this problem, Kenco "represented that it would not send damaged goods" and that it "had a process in place to sufficiently identify and segregate damaged goods." (*Id.* ¶ 28.) The problem was not remedied as the transition to the new warehouse facility continued, and the "incoming trailers . . . continued to contain substantial amounts of commingled damaged products despite Kenco's representations to the contrary." (*Id.* ¶ 29.) Aside from the fact that these allegations are clearly not based on new knowledge, they do not indicate what Kenco obtained from the alleged omissions, how Kids2 was actually misled by the purported omissions, or how Kids2 suffered damage related to the purported omissions separate and apart from the alleged physical damage to its product. More to the point, they contain no particular information about who at Kenco—if anyone—actually knew about the damage to the goods or when, who was obligated to reveal it to Kids2, or when it should have been revealed. Fraud has not been pleaded with particularity.

IV.     **CONCLUSION AND ORDER**

For all of these reasons, the Motion to Amend Answer and Counterclaim (Doc. No. 48) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge